IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERRY BROWN, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-136 |
| | ) | |
| STANLEY WILLIAMS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis* ("IFP"). This case is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 2), his § 2254 petition be **DISMISSED** as untimely, and that this civil action be **CLOSED**.

**I.   BACKGROUND**

On October 11, 2001, a Columbia County jury found Petitioner guilty of aggravated sodomy, aggravated child molestation, false imprisonment, and enticing a child for indecent purposes. (Doc. no. 1, p. 4.) Petitioner received a sentence of forty-four years. (Id.) Petitioner appealed to the Georgia Court of Appeals, which affirmed the convictions on August 22, 2006. (Id.) These convictions became final on September 1, 2006, because Petitioner did not seek a writ of certiorari from the Georgia Supreme Court within ten days. Ga. Sup. Ct. R. 38(1); (Id.) On August 20, 2008, Petitioner filed a petition for state habeas corpus relief in the Superior Court of Macon County. (Id.) The state habeas court denied the petition on March 7, 2014. (Id.

at p. 5.) Petitioner executed the instant federal habeas corpus petition on August 20, 2015, and the Clerk of Court filed the petition on August 27, 2015. (Id. at pp. 1, 9.) Petitioner raises several claims of ineffective assistance of appellate counsel, alleging appellate counsel failed to raise a motion for a new trial, failed to object to hearsay, and failed to work cooperatively with his trial counsel. (See generally id.)

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply, the instant case is governed by § 2244(d)(1)(A). Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's convictions on August 22, 2006. (Doc. no. 1.) Petitioner did not file a motion for reconsideration or appeal his case to the Georgia Supreme Court. Thus, his conviction became

"final" when the ten-day time period for indicating intent to seek review in the Georgia Supreme Court expired. See Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); Ga. Sup. Ct. R. 38(1) (providing that party seeking review in Georgia Supreme Court must file notice of intention to apply for certiorari with the Court of Appeals of Georgia within ten days after entry of judgment by that Court). Moreover, as Petitioner did not appeal to the Georgia Supreme Court, he was not entitled to seek review in the United States Supreme Court and is therefore not entitled to benefit from the ninety-day period for filing a writ of certiorari in the United States Supreme Court. See Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006). Therefore, for the purposes of AEDPA's one-year statute of limitations, Petitioner's state convictions became final on September 1, 2006.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here however, Petitioner waited more than one year following the finality of his state court convictions before filing for state post-conviction relief on August 20, 2008. Therefore, by the time Petitioner filed his state habeas corpus petition, the one-year statute of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Petitioner also waited more than one year after entry of final judgment as to his state habeas corpus petition on March 7, 2014, before

3

filing the instant federal habeas petition on August 20, 2015. (Doc. no. 1, at p. 5, 9.) Thus, the Court concludes that there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Similarly, Petitioner has not shown that he is entitled to equitable tolling. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006). Here, Petitioner has not provided any explanation for the tardiness of his federal petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that there is no basis for equitably tolling AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1985)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Rozzelle v. Sec'y, Florida Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012)

4

cert. denied, 133 S. Ct. 351 (U.S. 2012) (citing Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001)). In addition, to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial. Rozzelle, 672 F.3d at 1017.

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offense with which he was charged such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under AEDPA.

In sum, Petitioner's § 2254 petition is time-barred by AEDPA's one-year statute of limitations because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) there is no statutory basis for extending the one-year deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence.

### III.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP (doc. no. 2) be **DENIED AS MOOT**, that this petition be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of September, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA